UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICKEY FOWLER, et al., | CASE NO. C15-5367 BHS |
| Plaintiffs, | |
| v. | ORDER REQUESTING ADDITIONAL BRIEFING AND RENOTING MOTION |
| MARCIE FROST, | |
| Defendant. | |

This matter comes before the Court on Defendant Marcie Frost's ("Frost") motion for summary judgment (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby requests additional briefing and renotes the motion as discussed herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 1, 2015, Plaintiffs Mickey Fowler and Leisa Maurer ("Plaintiffs") filed a class action suit under 42 U.S.C. § 1983. Dkt. 1 ("Comp."). Plaintiffs' sole cause of action is an alleged violation of the Takings Clause of the Fifth Amendment, as applied to the states by the Fourteenth Amendment. *Id.* ¶ 75.

1  Plaintiffs' takings claim stems from a dispute over how the Washington State

2  Department of Revenue Service ("DRS") calculates interest on Teachers Retirement

3  System ("TRS") accounts. *See id.* ¶¶ 2–8, 75. Plaintiffs allege that Frost's failure to pay

4  daily interest on their TRS contributions constitutes an unconstitutional taking. *Id.* ¶ 75.

5  Frost is the Director of DRS. *Id.* ¶ 12.

6  Prior to this suit, Plaintiffs brought their takings claim against DRS in Washington

7  State court. *See id.* ¶¶ 52–73; *Probst v. Dep't of Ret. Sys.*, 167 Wn. App. 180 (2012).

8  Washington courts have not ruled on Plaintiffs' takings claim. *See Probst*, 167 Wn. App.

9  at 183 n.1 (declining to address Plaintiffs' takings claim because the court decided the

10  case under the Administrative Procedure Act); *Probst v. Dep't of Ret. Sys.*, 185 Wn. App.

11  1015, 2014 WL 7462567, at *6 (2014) (declining to review Plaintiffs' takings claim

12  because it was "premature" and "not ripe for review"). Plaintiffs' state court case was

13  remanded to DRS for further rulemaking as to how interest on TRS contributions should

14  be calculated. *Probst*, 2014 WL 7462567, at *2, *6. DRS has not issued a new rule.

15  Comp. ¶ 68.

16  On August 13, 2015, Frost moved for summary judgment. Dkt. 14. On August

17  31, 2015, Plaintiffs responded. Dkt. 17. On September 4, 2015, Frost replied. Dkt. 19.

18  **II. DISCUSSION**

19  For a federal takings claim to be ripe, the party bringing the claim must overcome

20  "two independent prudential hurdles." *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S.

21  725, 733–34 (1997); *Adam Bros. Farming, Inc. v. Cty. of Santa Barbara*, 604 F.3d 1142,

22  1146 (9th Cir. 2010). The Supreme Court articulated these two requirements in

1 | *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*,

2 | 473 U.S. 172 (1985).  First, the plaintiff must demonstrate that "the government entity

3 | charged with implementing the regulations has reached a final decision regarding the

4 | application of the regulations to the property at issue." *Id.* at 186.  Second, the plaintiff

5 | must demonstrate that he or she "unsuccessfully attempted to obtain just compensation

6 | through the procedures provided by the State for obtaining such compensation." *Id.* at

7 | 195.

8 | Although the parties discuss ripeness in their briefing, the parties do not

9 | specifically address the requirements set forth in *Williamson County*.  The Court

10 | therefore requests additional briefing on whether Plaintiffs' takings claim is ripe under

11 | *Williamson County* and its progeny.  The parties should simultaneously file opening

12 | briefs addressing these issues by October 30, 2015.  The parties should file responsive

13 | briefs by November 6, 2015.

14 | **III. ORDER**

15 | Therefore, the Court requests additional briefing on the issues discussed herein.

16 | Frost's motion for summary judgment (Dkt. 14) is renoted to November 6, 2015.

17 | Dated this 15th day of October, 2015.

18 |

19 |

BENJAMIN H. SETTLE
United States District Judge

20 |

21 |

22 |

ORDER - 3