UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICKEY FOWLER,

                Plaintiff,

v.

TRACY GUERIN, Director of the Washington State Department of Retirement Systems,

                Defendant.

CASE NO. C15-5367 BHS

ORDER REQUESTING SUPPLEMENTAL BRIEFING AND RENOTING MOTION FOR CLASS CERTIFICATION

This matter comes before the Court on putative class representatives Mickey Fowler and Leisa Maurer's (collectively "Plaintiffs") motion for class certification. Dkt. 43. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby renotes the motion and requests supplemental briefing for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On June 15, 2015, Plaintiffs filed suit against Defendant Marcie Frost ("Frost") under 42 U.S.C. § 1983. Dkt. 1.[1] Plaintiffs are public school teachers who participate in

---

[1] The prior litigation of this matter in state court is described in the Court's December 22, 2015 Order. Dkt. 28 at 2–4.

Washington's Teachers' Retirement System ("TRS"), a public retirement system managed by the Washington State Department of Retirement Services ("DRS"). Dkt. 18-1 at 20–21. Plaintiff's only cause of action was an alleged violation of the Takings Clause of the Fifth Amendment as applied to the states by the Fourteenth Amendment based on the method DRS used to calculate the interest on funds transferred between two plans within TRS. Dkt. 1. On September 23, 2015, the parties stipulated to class certification. Dkt. 20. On February 24, 2015, the Court denied the stipulated motion for class certification without prejudice. Dkt. 21.

On December 22, 2015, the Court granted Frost's motion for summary judgment on the grounds that Plaintiffs' claims were not ripe. Dkt. 28. On January 20, 2016, Plaintiffs appealed to the Ninth Circuit. Dkt. 30. In the intervening months, Tracy Guerin ("Guerin") succeeded Marcie Frost as the Director of DRS, becoming the named defendant in this matter. Dkt. 49 at 2; Fed. R. App. P. 43(c)(2); Fed. R. Civ. P. 25(d). On August 16, 2018, the Ninth Circuit reversed and remanded. Dkt. 32. On March 13, 2019, the Ninth Circuit denied Guerin's motion for panel rehearing and petition for rehearing en banc. Dkt. 39. On March 21, 2019, the Ninth Circuit issued its mandate. Dkt. 40; *Fowler v. Guerin*, 899 F.3d 1112 (9th Cir. 2018), *reh'g and reh'g en banc denied*, 918 F.3d 644 (2019).

On April 4, 2019, Guerin moved for a stay pending resolution of her petition for writ of certiorari with the Supreme Court. Dkt. 41. On April 10, 2019, Plaintiffs moved for an order certifying the class. Dkt. 43. On April 29, 3019, Guerin responded to the

motion for class certification. Dkt. 49. On May 1, 2019, Plaintiffs replied to their motion. Dkt. 50. On May 2, 2019, the Court denied Guerin's motion to stay. Dkt. 51.

## II. DISCUSSION

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "As the party seeking class certification, [Plaintiffs] bear[] the burden of demonstrating that [they] ha[ve] met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001). Plaintiffs seek to certify a class of TRS members under Fed. R. Civ. P. 23(a) and (b)(2). Dkt. 43.

"Rule 23 does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . ." *Id.* Before certifying a class, the Court must conduct a "rigorous analysis" to determine whether Plaintiffs have met the requirements of Rule 23. *Zinser*, 253 F.3d at 1186. "While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23." *Id*.

Under Rule 23(a), Plaintiffs must satisfy four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). In addition to these four requirements, Plaintiffs must satisfy at least one of the categories of Rule 23(b). *Zinser*, 253 F.3d at 1186. The parties previously stipulated to class certification. Dkt. 20. Plaintiffs now propose that the Court enter an order with text matching the parties' previous stipulation to class

certification. Dkt. 43 at 3. Guerin does not now dispute that the class meets the Fed. R. Civ. P. 23(a) factors. Dkt. 49 ("defendant partially opposes certification of a class under FRCP 23(b)(2) for the following reasons:"). However, the Court previously found that the parties' stipulation provided insufficient information for the Court to perform its independent responsibility to determine whether Fed. R. Civ. P. 23's requirements are actually satisfied. Dkt. 21 at 2 (citing *Zinser*, 253 F.3d at 1186). The Court next explained that it "also ha[d] concerns about the appropriateness of a Rule 23(b)(2) class in this case. Dkt. 21 at 2.

On appeal, the Ninth Circuit characterized the Court's denial of class certification as "based on its concern that a Rule 23(b)(2) class would be inappropriate here," found this decision was error, and held that "[t]he claim can be certified for class treatment under Rule 23(b)(2) because the relief of correcting the entire records system for the class member accounts is in the nature of injunctive relief." *Fowler*, 899 F.3d at 1120. The Circuit made no mention of the Fed. R. Civ. P. 23(a) factors and remanded for this Court to reconsider class certification. *Id*. The Court now requires supplemental briefing on the basis for certification under the Fed. R. Civ. P. 23(a) factors so that it may satisfy its duty to "conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." Dkt. 21 at 2 (quoting *Zinser*, 253 F.3d at 1186).

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for class certification, Dkt. 43, is **RENOTED** for consideration on the Court's June 28, 2019 calendar.

Plaintiffs may submit supplemental briefing no later than June 24, 2019, and Guerin may submit supplemental briefing no later than June 28, 2019.

The Clerk shall substitute Tracy Guerin in place of Marcie Frost as the named Defendant in this action.

Dated this 13th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge