UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICKEY FOWLER, LEISA MAURER, and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TRACY GUERIN, Director of the Washington State Department of Retirement Systems,<br><br>Defendant. | CASE NO. C15-5367 BHS<br><br>ORDER GRANTING PLAINITFF'S MOTION FOR CLASS CERTIFICATION |

This matter comes before the Court on putative class representatives Mickey Fowler and Leisa Maurer's ("Plaintiffs") motion for class certification. Dkt. 43. The Court has considered the pleadings filed in support of and in opposition to the motion, the supplemental briefing submitted in response to the Court's request, and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs are public school teachers who participate in Washington's Teachers' Retirement System ("TRS"), a public retirement system managed by the Washington

State Department of Retirement Services ("DRS"). Dkt. 18-1 at 20–21. The TRS is comprised of three separate retirement plans: Plan 1, Plan 2, and Plan 3. *Id.* at 21. Plaintiffs are current members of Plan 3 and former members of Plan 2. *See* Dkt. 1, ¶ 18; Dkt. 18-1 at 48. As members of Plan 2, Plaintiffs made contributions to their Plan 2 accounts from each paycheck. Dkt. 1, ¶ 18. DRS tracked the contributions and accumulated interest in individual accounts. Dkt. 18-1 at 2. All contributions were transferred to a state-managed comingled trust fund for investment purposes. Dkt. 18 at 4; Dkt. 18-1 at 8.

Plaintiffs' contributions to Plan 2 accrued interest at a rate specified by DRS. Dkt. 18-1 at 21. DRS set the rate of interest at 5.5%, compounded quarterly. *Id.* at 16, 18, 21. DRS used the quarter's ending balance to calculate interest. Dkt. 18 at 17, 20, 22. If an account had a zero balance at the end of the quarter, it earned no interest for that quarter. *Id.* at 22. Plaintiffs transferred their contributions from Plan 2 to Plan 3. *See id.* at 48.

On June 15, 2015, Plaintiffs filed suit against Defendant Marcie Frost ("Frost") under 42 U.S.C. § 1983. Dkt. 1.[1] Plaintiffs' only cause of action was that the method DRS used to calculate the interest on funds transferred between two plans within TRS deprived them of their property in violation of the Takings Clause of the Fifth Amendment. Dkt. 1.

---

[1] The prior litigation of this matter in state court is described in the Court's December 22, 2015 Order. Dkt. 28 at 2–4.

On September 23, 2015, the parties stipulated to class certification. Dkt. 20. On February 24, 2015, the Court denied the stipulated motion for class certification without prejudice. Dkt. 21.

On December 22, 2015, the Court granted Frost's motion for summary judgment on the grounds that Plaintiffs' claims were not ripe. Dkt. 28. On January 20, 2016, Plaintiffs appealed to the Ninth Circuit. Dkt. 30. In the intervening months, Tracy Guerin ("Guerin") succeeded Marcie Frost as the Director of DRS, becoming the named defendant in this matter. Dkt. 52. On August 16, 2018, the Ninth Circuit reversed and remanded. Dkt. 32. On March 13, 2019, the Ninth Circuit denied Guerin's motion for panel rehearing and petition for rehearing en banc. Dkt. 39. On March 21, 2019, the Ninth Circuit issued its mandate. Dkt. 40; *Fowler v. Guerin*, 899 F.3d 1112 (9th Cir. 2018), *reh'g and reh'g en banc denied*, 918 F.3d 644 (2019).

On April 4, 2019, Guerin moved for a stay pending resolution of her petition for writ of certiorari with the Supreme Court. Dkt. 41. On April 10, 2019, Plaintiffs moved for an order certifying the class. Dkt. 43. On April 29, 3019, Guerin responded to the motion for class certification. Dkt. 49. On May 1, 2019, Plaintiffs replied to their motion. Dkt. 50. On May 2, 2019, the Court denied Guerin's motion to stay. Dkt. 51. On June 11, 2019, Guerin filed a petition for a writ of certiorari with the Supreme Court. Dkt. 53. On June 13, 2019, the Court renoted and requested supplemental briefing on Plaintiffs' motion for class certification (the "June 13th Order"). Dkt. 52. On June 24, 2019, Plaintiffs submitted supplemental briefing. Dkt. 54. On June 28, 2019, Guerin submitted a supplemental response. Dkt. 56.

## II. DISCUSSION

**A.    Class Certification**

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "As the party seeking class certification, [Plaintiffs] bear[] the burden of demonstrating that [they] ha[ve] met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001).

"Rule 23 does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . ." *Id.* Before certifying a class, the Court must conduct a "rigorous analysis" to determine whether Plaintiffs have met the requirements of Rule 23. *Zinser*, 253 F.3d at 1186. "While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23." *Id*.

Under Rule 23(a), Plaintiffs must satisfy four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). In addition to these four requirements, Plaintiffs must satisfy at least one of the categories of Rule 23(b). *Zinser*, 253 F.3d at 1186.

The parties previously stipulated to class certification, Dkt. 20, which the Court denied without prejudice, Dkt. 21. In their renewed motion, Plaintiffs sought to certify a class of TRS members under Fed. R. Civ. P. 23(a) and (b)(2) and proposed that the Court enter an order with text matching the parties' previous stipulation to class certification.

Dkt. 43 at 3. Plaintiffs proposed the following class definition: "All active and retired TRS members who: (1) were previously members of TRS Plan 2; and (2) transferred from TRS Plan 2 to TRS Plan 3 prior to January 20, 2002" ("the first class definition"). Dkt. 43 at 1. Guerin did not dispute that the class met the Fed. R. Civ. P. 23(a) factors, but argued that the class should not be certified for injunctive relief under Fed. R. Civ. P. 23(b)(2), consistent with Guerin's position advanced in her petition for certiorari that the injunctive relief Plaintiffs seek is "individual retroactive monetary relief for just compensation against the State under the Fifth Amendment in violation of the Eleventh Amendment." Dkt. 49.

In its June 13th Order, the Court noted that it had previously found the parties' stipulation provided insufficient information for the Court to independently scrutinize whether Fed. R. Civ. P. 23's requirements were met. Dkt. 52 at 4 (citing Dkt. 21 at 2). The Court recognized the Ninth Circuit's holding on appeal that Plaintiffs' claims are appropriate for certification under Rule 23(b)(2). *Id.* (citing *Fowler v. Guerin*, 899 F.3d at 1120). The Court requested supplemental briefing in order to be certain of the basis for certification under the Rule 23(a) factors for the first class definition. *Id.*

**1.    Fed. R. Civ. P. 23(a)**

Regarding numerosity, Plaintiffs clarify that the estimated class size of over 20,000 is "based on information that the defendant provided many years ago in state proceedings" and Guerin does not dispute. Dkt. 54 at 4 (citing Dkt. 20, ¶ 3). Though this information is again somewhat minimal, the Court is satisfied based on the long history

of the litigation in this case and the newly-provided indication of the source of this estimate that the numerosity element is satisfied.

Regarding commonality, as long as a single common question of law or fact exists, plaintiffs may satisfy the commonality requirement. *Parsons*, 754 F.3d at 675. The Court finds that Plaintiffs are correct that the legal questions in this case have been litigated extensively and are clearly identified as (1) whether a taking under the Fifth Amendment occurred and (2) what relief is available if a taking did occur. Dkt. 54 at 5. In this case, each putative class member "suffers exactly the same constitutional injury" and eligibility for relief may be determined "in one stroke." *Parsons*, 754 F.3d at 678. Therefore, the Court finds that commonality is satisfied.

Regarding typicality, "[w]here the challenged conduct is a policy or practice that affects all class members, the underlying issue presented with respect to typicality is similar to that presented with respect to commonality . . . ." *Parsons*, 754 F.3d at 685 (quoting *Armstrong v. Davis*, 275 F.3d 849, 868–69 (9th Cir. 2001)). Here, the challenged conduct is the policy of non-crediting earned interest and allocating this interest to others. Dkt. 54 at 6. This policy impacted the named plaintiffs in the same manner as the absent class members. *Id*. This policy also caused them the same injury, a loss of interest earned on their retirement accounts. *Id*. Therefore, the Court finds that typicality is satisfied.

Regarding adequacy, this element "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Plaintiffs were appointed class representatives in the parallel

state court action in 2009 and have represented the class since that time. Dkt. 54 at 6 (citing *Fowler*, 899 F.3d at 1115–16; Dkt. 20, ¶ 6). Regarding class counsel, "[a] trial court [should consider] the competence of counsel when deciding to grant or deny class certification." *Wrighten v. Metro. Hosp., Inc.*, 726 F.3d 1346, 1352 (9th Cir. 1984) (citing *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975)). Plaintiffs' counsel David F. Stobaugh declares that he and his firm, Benedich Stobaugh & Strong, "have successfully represented individuals in class action cases for many years," including in numerous actions dealing with employee benefits. Dkt. 44. Plaintiffs' counsel has been litigating this case for many years and the Court finds no reason to doubt their competency. Therefore, the Court concludes that Plaintiffs and class counsel satisfy the requirement to adequately represent the class.

### 2. Guerin's Objection to Certification

The Court finds that Guerin's objections to class certification for injunctive relief under the first class definition are properly addressed in Guerin's petition for certiorari and do not constitute issues properly before this Court at this point in the proceedings. Guerin "does not oppose class certification to the extent plaintiffs are seeking relief in the form of a declaration that defendant violated the takings clause of the Fifth Amendment. Dkt. 49 at 3.

On appeal, the Ninth Circuit explicitly considered and rejected Guerin's argument that Plaintiffs' takings claim is barred by the Eleventh Amendment. *Fowler*, 899 F.3d at 1119–20. ("In the Director's view, the Teachers seek monetary damages, which would mean that the State is the real party in interest and that a money award would

impermissibly be paid from the State's treasury.") The Circuit found that "the Teachers actually seek an injunction ordering the Director to return the savings taken from them," reasoned that the prospective injunctive relief sought is "readily distinguishable from a compensatory damages award," and explained that "[t]he Eleventh Amendment does not stand in the way of a citizen suing a state official in federal court to return money skimmed from a state-managed account." *Id*. The Circuit held that "[t]he claim can be certified for class treatment under Rule 23(b)(2) because the relief of correcting the entire records system for the class member accounts is in the nature of injunctive relief." *Id*.

Guerin also argues that Ninth Circuit alluded to *Ex Parte Young*, 209 U.S. 123 (1908) in characterizing the relief Plaintiffs seek as prospective but argues that in fact, the *Ex Parte Young* exception is inapplicable to the facts at bar. Dkt. 49 at 5–6. Guerin's argument that the Circuit majority made a mistaken allusion to *Ex Parte Young* is again an issue for certiorari and not an issue before this Court. *See also Fowler*, 918 F.3d at 647 (Bennett, J., dissenting).

In sum, as the Ninth Circuit has found the class as defined in the first class definition may be certified pursuant to Fed. R. Civ. P. 23(b)(2), and the Court is satisfied that the class also meets the requirements of Fed. R. Civ. P. 23(a), the class may be certified as described in the first class definition for both declaratory and injunctive relief.

However, in supplemental briefing, Plaintiffs informed the Court that they "do not object to provisionally limiting the class certification here to declaratory relief while the Supreme Court review is pending," but explain that "it is necessary to change the class definition" because Guerin's challenged practice on interest accrual has continued

through the present day. Dkt. 54 at 7 (citing WAC § 415-02-150; *Fowler*, 899 F.3d at 1116–19). Plaintiffs now propose a class definition which reads:

> All Teachers Retirement System (TRS) members who transferred into TRS Plan 3 from the commencement of TRS Plan 3 (January 1, 1996) **to the date of final judgment in this action**, except for those members whose claims were settled in Superior Court in *Probst v. Dept. of Retirement Systems* (January 20, 2002 to December 14, 2007)

("the second class definition"). Dkt. 54 at 7 (emphasis added). Plaintiffs argue this second class definition is necessary "to correspond to [the facts of the DRS rulemaking] and the Ninth Circuit's decision . . . whether the certification is for proposed injunctive relief or limited to declaratory relief." *Id*. (citing WAC § 415-02-150; *Fowler*, 899 F.3d at 1116–19).

Guerin moves to strike the second class definition as non-responsive to the Court's request for supplemental briefing. Dkt. 56 at 2. Guerin also argues that the second class definition lacks commonality, typicality, and adequacy. *Id.* at 5.

The Court grants the motion to strike because proposing a new class definition goes beyond the scope of the request for supplemental briefing. If Plaintiffs seek to alter or amend the certified class, they may do so by motion. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018) ("The district court's class certification order, while important, is also preliminary"). Filing the appropriate motion affords Plaintiffs the opportunity to fully brief the issue and affords Guerin the due process protections of adequate notice as opposed to forcing her to respond to a new class definition in four days' time.

# III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for class certification, Dkt. 43, is **GRANTED**, and the Court certifies the following class:

> All active and retired TRS members who: (1) were previously members of TRS Plan 2 and (2) transferred from TRS Plan 2 to TRS Plan 3 prior to January 20, 2002.

Dated this 25th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge