UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICKEY FOWLER, LESIA MAURER, and a class of similarly situated individuals,<br><br>                Plaintiffs,<br><br>   v.<br><br>TRACY GUERIN, Director of the Washington State Department of Retirement Systems,<br><br>                Defendant. | CASE NO. C15-5367 BHS<br><br>ORDER CERTIFYING QUESTION |

This matter is before the Court on the parties' responses, Dkts. 154, 155, to the Court's prior Order, Dkt. 153, which granted in part and reserved ruling in part on Plaintiffs' motion for summary judgment and sought input on the Court's proposed certified question to the Washington Supreme Court. That Order includes the history of this long-running dispute, which will not be repeated here.

\
\
\

The Court proposed certifying the following question to the Washington Supreme Court:

> In a civil case, should a court consider factors beyond the intent of the substantive statute, the intent of its statute of limitations, and the traditional predicates of bad faith, false assurances, and deception on the part of some third party when considering whether justice requires equitable tolling?

The parties do not object to certification, but each proposes a variation on the certified question. DRS propose the following questions, which it contends better represents the divergence in Washington caselaw between actions seeking relief from personal restraint or seeking a writ of habeas corpus and other civil actions:

> Under Washington law, does the plaintiff or petitioner in an action that does not involve potential relief from personal restraint or a writ of habeas corpus bear the burden of showing bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff, to equitably toll the statute of limitations? If not, does the standard for equitable tolling articulated in *In re Personal Restraint Petition of Fowler*, 197 Wn.2d 46 (2021), apply?

Dkt. 154 at 2.

Plaintiffs counter that DRS's proposed question does not fairly reflect the cases outside the relief from personal restraint or habeas context that have not applied the traditional predicates. Dkt. 155 at 3. They propose the following certified question:

> In a civil case, should a court consider factors beyond the intent of the substantive statute, the intent of its statute of limitations, and the traditional predicates of bad faith, false assurances, or deception (on the part of the defendant or a third party) when considering whether justice requires equitable tolling, such as court error, a plaintiff's diligence and prejudice to the defendant?

*Id.* at 2.

1    These conflicting formulations highlight the difficulty in identifying which
2 equitable tolling predicates a court should weigh: which are necessary and which are
3 sufficient? Considering these proposed questions and the caselaw reviewed in its prior
4 Order, the Court makes the following observations.
5    State and federal cases applying Washington law have regularly articulated that
6 equitable tolling cannot apply to relieve a plaintiff from the applicable limitations period
7 unless (1) justice so requires, and (2) tolling the limitations period would be consistent
8 with (a) the intent of the underlying substantive statute and (b) the intent of the
9 limitations period. *See, e.g.*, *Hahn v. Waddington*, 694 F. App'x 494, 495 (9th Cir. 2007)*;*
10 *Millay v. Cam*, 135 Wn.2d 193, 206 (1998) (citations omitted). Prejudice to the defendant
11 appears to be considered within analysis of the intent of the limitations period's
12 protection against stale and unverifiable claims. *See Hahn*, 695 F. App'x at 495;
13 *Vermillion v. Lacey*, No. 3:17-cv-05514-RJB, 2017 WL 5009696, at *3 (W.D. Wash.
14 Nov. 2, 2017). These prerequisites look to be necessary, but not sufficient, conditions for
15 equitable tolling.
16    State civil cases outside the relief from personal restraint or habeas context
17 articulate a third set of conditions. Washington courts have regularly held that a plaintiff
18 must also demonstrate their own diligence in filing *and* that the defendant has engaged in
19 one of the "traditional predicates" for equitable tolling: that bad faith, deception, or false
20 assurances interfered with the plaintiff's timely filing. *See, e.g. Millay*, 135 Wn.2d at 206;
21 *Nash v. Atkins*, No. 81841-4-I, 2020 WL 6708731, at *3–4 (Wash. App. Nov. 16, 2020)
22 (no equitable tolling when traditional predicates were not shown); *Wolfe v. Wash. State*

ORDER - 3

*Dep't of Trans.*, No. 50894-0-II, 2019 WL 1999020, at *6 (Wash. App. May 7, 2019) (not necessary to assess plaintiff's diligence when plaintiff failed to establish traditional predicates).

In contrast, federal courts appear to have applied the third set of conditions in the disjunctive, concluding that equitable tolling may be appropriate where the plaintiff shows diligence but cannot demonstrate a defendant's bad faith, deception, or false assurances. These cases instead hold that a plaintiff seeking to equitably toll the limitations period must show only that (1) justice so requires, (2) doing so is consistent with the intent of the underlying substantive statute and limitations period, and (3) the plaintiff has been diligent. *Hahn*, 694 F. App'x at 495 (plaintiff was diligent, court error in dismissing instead of transferring case merits equitable tolling despite absence of bad faith, deception, or false assurances); *Aydelotte v. Town of Skykomish*, Case No. C14-307-MJP, Dkt. 74 at 4–5 (W.D. Wash. July 19, 2019) (plaintiff was diligent; delay in service was due to extraordinary circumstances—pervasive harassment and retaliation plaintiff alleged he received regarding the lawsuit); *Vermillion*, 2017 WL 5009696, at *3 (reasoning that *Hahn* read the third set of conditions in the disjunctive and concluding that tolling was warranted because plaintiff was diligent, likely e-filed timely, and missed the statute of limitations by a single day at most); *Putz v. Golden*, 847 F. Supp. 2d 1273, 1284 (W.D. Wash. 2012) (plaintiff's diligence could not be resolved on summary judgment; equity could be invoked because defendants retained both money and property 20 years after plaintiffs bought the property).

1       Recently, the Washington Supreme Court held that, at least in the personal

2  restraint petition context, the limitations period may be equitably tolled when (1) the

3  petitioner was diligent *and* (2) an "extraordinary circumstance" prevented timely filing.

4  *In re Personal Restraint Petition of Fowler*, 197 Wn.2d 46, 54 (2021). Noting that it was

5  adopting the federal habeas standard for equitable tolling, it permitted tolling when

6  extraordinary circumstances prevent timely filing. Such extraordinary circumstances

7  "include, but are not limited to, bad faith, deception, or false assurance by another such

8  as, in some cases, a petitioner's own counsel." *Id*. (citing *Lawrence v. Florida*, 549 U.S.

9  327, 336 (2007)). It clarified that equitable tolling is not limited to malfeasance by the

10 opposing party, explaining that "[s]uch a limitation would undermined the purpose of

11 equitable tolling—to ensure fundamental fairness when extraordinary circumstances have

12 stood in a petitioner's way." *Id*. at 55. At least some of the federal court cases described

13 above are consistent with this framing. *See Hahn*, 694 F. App'x at 495 (court erred in

14 dismissing case); *Aydelotte*, Case No. C14-307-MJP, Dkt. 74 at 4–5 (threats and

15 intimidation).

16      Defendants emphasize that the dissenting opinion in *In re Fowler* argued the civil

17 standard for equitable tolling "does require bad faith, deception, or false assurances to be

18 predicated on the acts of the opposing party" and emphasize that the majority did not

19 dispute this characterization. Dkt. 154 at 3 (quoting *In re Fowler*, 197 Wn.2d at 60

20 (Whitener, J., dissenting)). However, an absence of disagreement is not an endorsement,

21 and this Court continues to conclude that, as the Ninth Circuit observed, "[t]he current

22 predicates for equitable tolling in civil cases under Washington law are not clear."

*Eriksen v. Serpas*, 478 F. App's 368, 370 (9th Cir. 2012) (citing *In re Carter,* 172 Wn.2d at 928–29; *In re Bonds,* 165 Wn.2d at 141).

Therefore, and against this background, the Court certifies to the Washington Supreme Court the following revised question:

> Under Washington law, what are the necessary and sufficient conditions—the minimum predicates—a plaintiff in a civil action (other than a personal restraint or habeas corpus petition) must establish to equitably toll the limitations period otherwise applicable to their claim?

The Court acknowledges that the decision to answer a certified question is within the Washington Supreme Court's discretion and that the Washington Supreme Court may reformulate the question in its consideration of the case. This Court certifies that the record contains all matters in the pending case deemed material for consideration of the local law question certified for answer under RCW 2.60.010(4)(b).

Under Wash. Rules App. Proc. 16.16(d)(1), the Court designates Plaintiffs as the party to file the first brief in the Washington Supreme Court.

The Clerk shall forward copies of this Order under official seal to the Washington State Supreme Court, along with certified copies of the Court's prior Orders, Dkts. 85 and 153 and the underlying briefing and declarations (with exhibits), Dkts. 98, 103, 107, 109, 121, and 124.

The Clerk shall STAY this case and strike all current deadlines pending the Washington Supreme Court's Answer. The unresolved portions of the pending motions, Dkts. 98 and 103, and the other pending motions, Dkts. 111 and 144, on which the Court has reserved ruling, are **DENIED without prejudice** and with leave to refile following

ORDER - 6

1 | the Washington Supreme Court's Answer. The parties shall file a Joint Status Report
2 | within 30 days of the Washington Supreme Court's Answer.

3 | **IT IS SO ORDERED.**

4 | Dated this 5th day of August, 2021.

*[Signature]*

BENJAMIN H. SETTLE
United States District Judge