UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICKEY FOWLER, et al., | CASE NO. 15-CV-5367 |
| Plaintiffs, | ORDER |
| v. | |
| KATHRYN LEATHERS, Director of the Washington State Department of Retirement Systems, | |
| Defendant. | |

THIS MATTER is before the Court on plaintiff Fowler's motion to determine formula for injunctive relief, Dkt. 184.

Fowler represents a class of 26,785 Washington public school teachers who participate in Washington's Teacher Retirement System (TRS), a public retirement system managed by the Washington State Department of Retirement Systems.

In 2015, Fowler asserted a 42 U.S.C. § 1983 takings claim for the Department's failure to pay him daily interest on his retirement account balance when he transferred from one state retirement plan, TRS Plan 2, to a later plan, TRS Plan 3, prior to January 20, 2002. Dkts. 85, 171.

ORDER - 1

The parties are no doubt well versed in the facts and long procedural history of this case. The Court initially dismissed Fowler's claims without prejudice as prudentially unripe under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Dkt. 28 at 6–8. The Ninth Circuit reversed and remanded, concluding that the Department's "withholding of the interest accrued on the Teachers' accounts constitutes a *per se* taking to which *Williamson County*'s prudential ripeness test does not apply." *Fowler v. Guerin*, 899 F.3d 1112, 1118 (9th Cir. 2018) ("*Fowler I*").

On remand, this Court certified a class consisting of "[a]ll teachers who transferred from TRS Plan 2 to TRS Plan 3 prior to January 20, 2002." Dkt. 85 at 5–6. Meanwhile, the Department sought and obtained, over Fowler's objection, leave to amend its answer to assert that, if the teachers' per se takings claim was ripe, it was barred by the applicable three-year limitations period. Dkts. 78, 80, 85.

The parties filed cross-motions for summary judgment on the Department's limitations period affirmative defense. Dkts. 98, 103. The Court certified a question on the elements of equitable tolling to the Washington Supreme Court, which clarified that a plaintiff must show the defendant's "bad faith, false assurances, or deception interfered with the plaintiff's timely filing" of the claims. Dkt. 153; *Fowler v. Guerin*, 200 Wn.2d 110, 125 (2022). This Court concluded that because Fowler had not done so, his § 1983 takings claim was time-barred. Dkt. 171 (Order granting Department's summary judgment motion).

1     The Ninth Circuit affirmed in part and reversed and remanded in part. Dkt. 177. It held this Court erred in allowing the Department to amend its answer and instructed the Court to decide "whether to approve the Teachers' proposed formula to correct the Teachers' accounts" on remand. *Id.* at 4, 6.

    Fowler moves for permanent injunctive relief, asking the Court to accept his proposed formula. Dkt. 184. He proposes adding the following elements: (1) daily interest on the teachers' accounts omitted when they transferred to TRS Plan 3 and the quarterly compounding of that omitted interest; (2) the increased transfer incentive payment under RCW 41.32.8401 based on the omitted interest; and (3) the historic returns the teachers' funds earned while held in the State's Commingled Trust Fund (rather than in their own TRS plans). *Id.* at 11–12.

    Fowler relies on the testimony of actuary John D. Marshall, including a 395-page spreadsheet he created to explain his assumptions. Dkts. 186, 187. For element (1), Marshall assumes a 5.5% annual interest rate compounded quarterly, earned on the amount each teacher contributed to their TRS plan 2 in each pay period until they transferred to TRS plan 3. Dkt. 186 at 12. For element (2), he explains the "omitted interest" for each teacher is multiplied by the transfer incentive payment percentage in the Department's records. *Id.* Elements (1) and (2) together constitute the funds withheld from the teachers' TRS plans, held by the Department in the State's Commingled Trust Fund. *Id.* The State reports an 8.92% average rate of return on the Commingled Trust Fund since 1992. Dkt. 185 at 8. Therefore, for element (3), Marshall assumes the sum of

(1) and (2) would have grown also grew at 8.92% annually. Dkt. 186 at 12–13. Marshall arrives at a total damages figure of $137,616,369. *Id.* at 13.

Marshall asserts he used a computer to do the calculation for the more than 26,000 class members under Rule of Evidence 1006. Dkt. 186 at 12. Although Fowler refers to Marshall as his "expert actuary," Marshall did not file an expert report. Dkt. 184 at 7. Instead, Marshall asserts that "[i]f a document denominated as an expert report is needed, this declaration and my previous declarations submitted in this court and state court, and the interrogatory answers that I assisted with in state court, collectively constitute my expert report." Dkt. 186 at 12.

The Department opposes the motion, arguing Fowler "does not provide any real explanation, much less an actual formula to determine damages." Dkt. 188 at 7. It argues Marshall's spreadsheet is a "proverbial black box asserting a damage figure" that is triple Fowler's prior request. *Id.* at 8. The Department acknowledges it "identifies the same components" to the formula, agreeing that element (1) is the omitted daily interest and that element (2) is the additional payment the teachers are owed under RCW 41.31.8401. *Id.* at 14–15. It disagrees with Fowler on the underlying assumptions for each element. *Id.* While it has shared its own formula and suggested damages figure with Fowler, it has not articulated for the Court how it contends the elements should be calculated. *Id.* at 8.

As for element (3), the Department contends Fowler erroneously considers the returns from the Commingled Trust Fund as a taking. *Id.* at 28. It argues that instead, element (3) is prejudgment interest subject to a rate of return of a "'reasonably prudent

ORDER - 4

investor who is maintaining the safety of the principal.'" *Id.* at 30 (quoting *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 792 (9th Cir. 2002).

Finally, the Department challenges Marshall's declaration and asks for a continuance to allow for expert discovery. *Id.* at 9, 12.

The Court has scheduled a hearing on October 2, 2022, at 1:30 PM to hear from the parties on these issues.

The parties agree the formula constitutes three elements, but disagree on how to define them. It is the Court's view that the determination of each element of the formula is a matter of law. The Court would like assistance from experts on the underlying assumptions and calculations for each element.

Neither party has submitted expert reports in this case. Marshall has not met Rule 26's requirements, and the Department has not identified any potential experts, or even suggested an alternative calculation or formula.

At the October 2 hearing, the Court will discuss a scheduling order for expert reports and rebuttal reports. While it is often in the jury's purview to decide the credibility of each parties' expert methods, it is the responsibility of the Court to arrive at the final mathematical formula in this case. If necessary, the Court may consider appointing its own expert(s). The Court would also like to know what information and underlying assumptions the parties will provide the experts.

At the hearing, the Court will also hear argument on element (3), specifically whether the teachers are entitled to an 8.92% annual rate of return of their funds held in

the state's Commingled Trust Fund, or, if they are entitled to prejudgment interest, what that interest rate should be.

Finally, the parties should be prepared to discuss the source of the funds that will ultimately be used to correct the teachers' accounts.

Fowler's motion to determine formula for injunctive relief, Dkt. 184, is **DENIED without prejudice.**

**IT IS SO ORDERED.**

Dated this 23rd day of September, 2025.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge