UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICKEY FOWLER, LEISA MAURER, and a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TRACY GUERIN, Director of the Washington State Department of Retirement Systems,<br><br>Defendant. | CASE NO. 15-CV-5367<br><br>ORDER |

THIS MATTER is before the Court on plaintiffs Mickey Fowler et al.'s motion to stay these proceedings in favor of the earlier-filed state court case, *Probst/Fowler v. DRS*, Thurston County Superior Court Cause No. 05-2-00131-1. Dkt. 211. Plaintiffs argue that all remedies are available in the state court, while the Eleventh Amendment precludes them from obtaining money damages against the state in this Court. *Id.* at 3.

The parties are all too familiar with the lengthy and complicated procedural history of this case and its state court counterpart, and it will not be repeated here. The state court case was filed in 2005, and this case was filed in 2015. The issues have been

ORDER - 1

litigated in Superior Court, the state Court of Appeals, and the Washington Supreme Court; in this federal District Court, and in the Ninth Circuit. Today, the posture of the two cases is essentially identical: the Director's liability for a taking under the Washington and United States Constitutions has been established, and the only remaining step to resolving the case is to determine the amount of money to be transferred to the plaintiffs' TRS Plan 3 retirement accounts.

Plaintiffs' motion to stay appears to be the result of three recent developments. First, the Washington Court of Appeals held on September 30, 2025, that the Thurston County Superior Court had subject matter jurisdiction over the plaintiffs' takings claim and remanded that case for further proceedings consistent with the opinion. *Fowler v. Dep't of Ret. Sys.*, No. 59097-2-II, 2025 WL 2779961, at *13–14 (Wash. Ct. App. Sept. 30, 2025).

Second, on October 2, this Court heard from the parties, Dkt. 203, after denying plaintiffs' motion for summary judgment on their proposed formula for correcting the teachers' TRS Plan 3 accounts, Dkt. 198. It ordered the parties to prepare and exchange expert reports in advance of a hearing or motion practice to determine the formula for implementing the Ninth Circuit's mandate that this Court determine a formula for correcting the teachers' accounts through a prospective injunction. *See Fowler v. Guerin*, 2024 WL 4891016 at *3 (9th Cir. 2024).

Finally, on October 8, the Director waived her Eleventh Amendment defense to an award of money damages, obviating the need for the Court to correct the account

balances through a mandatory injunction rather than an award of damages for the unconstitutional taking. Dkt. 206.

The Director urges the Court to deny plaintiffs' motion for a stay, citing the Court's "virtually unflagging obligation to exercise the jurisdiction given to [it]." Dkt. 214 at 5 (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983)). She argues there are no "exceptional circumstances" for the Court to stay this case in favor of the earlier state court case, and that instead there are compelling reasons for the Court to retain jurisdiction and resolve the case. *Id*. (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976)). She argues that this case is "well ahead" of the state case, and that it is "on the eve" of resolution. *Id.* at 5, 14. She argues that none of the *Colorado River* factors favor a stay, and that two others weigh heavily in favor of this Court continuing to exercise its jurisdiction over the case to resolution.

The Court does not agree that this case is currently "ahead" of the state case, or that any such "lead" renders inapplicable the fourth *Colorado River* factor—the order in which the forums obtained jurisdiction. Plaintiffs filed in state court *ten years* before they filed this case, because, they claim, the Director was delaying the rulemaking upon which the state case was waiting. The state case is not behind this case, and it is ten years senior. This factor weighs in favor of a stay.

Nor does the Court agree that the third *Colorado River* factor—avoiding piecemeal litigation—is neutral in this case. The Director recently waived the Eleventh Amendment (presumably to support her claim that this Court can provide all the relief plaintiffs could obtain in state court, including damages), but whether the remedies now

overlap entirely is still disputed. *See* Dkt. 214 at 13 (Director asserts plaintiffs "erroneously contend that they are entitled to supplemental relief in state court."); *cf.* Dkt. 216 at 5 (Plaintiffs interpret Director's Eleventh Amendment waiver as "limit[ing] the available relief," which could lead to "duplicative litigation on relief."). The plaintiffs assert that while they cannot recover twice, they could obtain in state court a remedy they cannot obtain here. Dkt. 211 at 5. If the plaintiffs are correct, there is a risk of piecemeal litigation that could be avoided by staying this case.

The Director asserts that federal law (the U.S. Constitution) provides the basis for a ruling on damages, and that the presence of federal law issues is a major consideration weighing against surrender of jurisdiction. Dkt. 214 at 15 (citing *Moses H. Cone*, 460 U.S. at 26). But the parties and the courts agree that the Washington and United States Constitutions each prohibit takings and that the remedy under each is effectively (or perhaps, in light of the Director's waiver, exactly) the same. And, in staying the matter, the Court would not forever relinquish jurisdiction, but rather keep it "open if 'for some unexpected reason the state forum does turn out to be inadequate.'" *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989) (quoting *Moses H. Cone*, 460 U.S. at 28). This factor does not weigh heavily in favor of resolving the case here.

Finally, the Director argues that the seventh *Colorado River* factor—a desire to avoid forum shopping—does not support a stay, because the plaintiffs' effort to have the case decided in state court is clearly forum shopping. The Court does not agree. The plaintiffs chose to "shop" in state court first (and were loyal "customers" there for ten

years). It may be that the plaintiffs preferred Judge Maxa's opinion to Judge Settle's decision on their expert's proposed formula, but the Director's Eleventh Amendment waiver is equally clear evidence that she preferred the latter. In the absence of that waiver, the superiority of the state court as a forum for finally resolving this case would be plain. Any party who chooses to file in one of two or more possible venues, or elects to remove a case, or seek its remand, is arguably "forum shopping." This factor does not weigh against a stay.

Finally, though it is not a listed *Colorado River* factor, the Court emphasizes that this case involves unique state interests. It involves more than 26,000 state employees with retirement accounts held and managed by the DRS. Washington substantive law applies to the calculation of damages under the Washington Constitution. These considerations also persuade the Court in its discretion to stay this case and allowing the state courts to bring this dispute to conclusion.

The Court agrees that there is good cause to stay under the unique circumstances of this long-lived case. Plaintiffs' motion to stay, Dkt. 211, is **GRANTED**. The Court will retain jurisdiction over the case pending a final resolution in state court.

**IT IS SO ORDERED**.

Dated this 14th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge